UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KATHLEEN BECKWITH, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 3:18-CV-801 JD |
| PLANET FORWARD, LLC d/b/a PLANET FORWARD ENERGY SOLUTIONS, LLC, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is a joint motion for approval of settlement of Plaintiff Kathleen Beckwith's Fair Labor Standards Act ("FLSA") claim against Defendant Planet Forward, LLC d/b/a Planet Forward Energy Solutions, LLC [DE 7], along with a joint motion to seal [DE 8] the underlying confidential settlement agreement [DE 9]. Plaintiff has settled her claim against Defendant and the parties have now moved for court approval of that settlement, as required for claims under the FLSA.

Having reviewed the record and the terms of the settlement agreement, the Court grants the joint motion for approval of settlement [DE 7] for the reasons that follow. Moreover, because maintaining the confidentiality of the settlement was a material term of the parties' agreement and their willingness to enter into it, *see, e.g., Swarthout v. Ryla Teleservices, Inc.*, No. 4:11-CV-21-PRC, 2012 WL 5361756, at *3 (N.D. Ind. Oct. 30, 2012), the Court grants the motion to seal [DE 8].

### I. FACTUAL BACKGROUND

Kathleen Beckwith formerly worked as a Civil QA Inspector for Planet Forward, LLC from December 2016 to October 2017. During her rather short tenure, Beckwith routinely and

regularly worked overtime hours, but was not given overtime pay. Beckwith claims that she worked hundreds of overtime hours at her regular hourly rate of roughly fifty dollars. Beckwith contends that Planet Forward LLC's failure to compensate her with overtime wages was done willfully and in reckless disregard of Beckwith's FLSA rights. In her complaint, Beckwith sought payment for lost overtime wages, liquidated damages, and attorneys' fees.

After investigating the facts, Beckwith has reached a settlement agreement with Planet Forward, LLC, who continues to deny any wrongdoing, but wishes to avoid the burden of discovery, as well as, the time, expense, and uncertainty of continuing the lawsuit. For her part, Beckwith admits that after evaluating the facts and law with her attorney, along with considering the costs, risks, uncertainty, and delay of continued litigation, the settlement reached is in her best interest and represents a fair, reasonable, and adequate resolution of the lawsuit. Beckwith also acknowledges that other than the amounts payable under the settlement, she has received all other compensation, benefits, payments, reimbursements, and any other money due or allegedly due to Beckwith by Planet Forward LLC.

Because the FLSA requires court approval of settlements, the parties filed this joint motion for approval of the settlement agreement. In that motion, the parties contend that the settlement agreement represents a fair and reasonable resolution of a bona fide dispute under the FLSA.

## II.  LEGAL STANDARD

"Stipulated settlements in a FLSA case must be approved by the Court" with an eye toward the agreement's fairness, because there is "a fear that employers would coerce employees into settlement and waiver." *Owens v. GLH Capital Enter.*, Case No. 16-CV-1109, 2018 WL 1240461, at *1 (S.D. Ill. Mar. 9, 2018) (citations omitted). "To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable

compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (internal alteration and quotation omitted). "Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (internal alteration and quotation omitted). "Furthermore, courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness." *Id.*

### III. DISCUSSION

When reviewing a FLSA settlement, a court normally considers the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendant to withstand a larger judgment; (6) the range of reasonableness of the settlement in light of the best possible recovery; and (7) the range of reasonableness of the settlement in light of all the risks of litigation. *Id.* at 995 (citation omitted).

Considering those factors here, the Court finds that the proposed settlement is reasonable. This case is still in its very early stages as it appears that no answer was filed, and no Rule 16 pretrial conference was held. Thus, litigating this case to its conclusion on the merits would likely entail considerable time and expense. By resolving her claims against Planet Forward, LLC at this early stage, Beckwith can avoid that expense and delay, and receive her settlement payment now instead of seeking to recover an (uncertain) judgment months or years down the line. And given that Beckwith now resides in Arizona, it is likely that she'd have to travel to

Indiana at some point, which would be costly. Beckwith is also able to avoid the risk that litigation always entails, since she could come away with nothing if she loses. As the parties acknowledge in their motion, substantial disputes exist between the parties with respect to liability. Hedging against that risk by agreeing to a settlement at this stage is not indicative of overreaching by the employer or a waiver of rights by the employee, but of a reasoned decision by both sides who are represented by lawyers. Thus, there is little reason to believe that Plaintiff's counsel would support this settlement if they did not believe that it was in their client's best interests.

In addition, though the parties reached their settlement shortly before formal discovery began, they had already engaged in settlement discussions before the lawsuit was filed. Thus, it appears that they had adequate information upon which to effectively evaluate the merits of Beckwith's claim and the extent of her possible recovery. Indeed, both parties could easily approximate Beckwith's potential lost earnings given the readily available information to them concerning her salary, hours worked, and length of employment. Though the Plaintiff does not pinpoint exactly how much might be recoverable against Planet Forward, LLC, her total recovery appears reasonable considering the allegations in the complaint and the risk and expense of continued litigation.

Finally, although the Court recognizes that "the Seventh Circuit has 'repeatedly rejected the notion that the fees must be calculated proportionally to damages'" in cases with fee-shifting statutes, *Dominguez v. Quigley's Irish Pub, Inc.*, 897 F. Supp. 2d 674, 686 (N.D. Ill. 2012) (quoting *Estate of Enoch ex rel. Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009)), the Court notes that in this case the attorneys' fees to be awarded to Plaintiff's counsel does not exceed the total recovery to Plaintiff. Given counsels' involvement prior to the lawsuit's filing, the fees to

be awarded appear modest and reasonable in light of the recovery and time sought to achieve it. The Court therefore does not find the fee award to be cause for concern.

Therefore, the Court concludes that the parties' proposed settlement agreement represents a fair and reasonable resolution of a bona fide dispute under the FLSA, and the Court approves the settlement.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS the joint motion for approval of settlement [DE 7] and joint motion to seal [DE 8]. The settlement agreement between the parties is APPROVED and is to remain SEALED. This case is DISMISSED WITH PREJUDICE.

SO ORDERED.

ENTERED: February 13, 2019

                                               /s/ JON E. DEGUILIO
                                       Judge
                                       United States District Court